UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerald Arthur Gillespie,

               Plaintiff,          **MEMORANDUM OPINION**
v.                              **AND ORDER**
                                        Civil No. 10-4844 ADM/FLN

State of Minnesota,

               Defendant.

_____

Gerald Arthur Gillespie, pro se.

John S. Garry, Esq., Assistant Attorney General, for the State of Minnesota.

_____

## I. INTRODUCTION

Plaintiff Gerald Arthur Gillespie was convicted of a crime in Minnesota state court. He claims he is innocent and asks this Court to vacate his conviction. The State of Minnesota moves to dismiss the action; the motion was submitted without oral argument.

## II. BACKGROUND

A state court jury found Plaintiff guilty of felony domestic assault. The trial court denied his motion for a new trial; the Court of Appeals affirmed. State v. Gillespie, 710 N.W.2d 289, 299 (Minn. Ct. App.), rev. denied (Minn. 2006). Twice thereafter he moved for post-conviction relief in Minnesota state court; both petitions were denied. See Petition ¶ 9 and Exhibits A-D. He completed his sentence for the conviction on January 12, 2010, and is not presently in custody. Petition ¶ 2.

On December 8, 2010, Plaintiff filed this action in federal court, seeking to have his state court conviction vacated. This Court cannot grant the relief he seeks, and therefore dismissal is appropriate.

## III.  DISCUSSION

**A.     Standard of Review**

Defendant moves to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  The existence of subject matter jurisdiction is a question of law.  Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990).  If subject matter jurisdiction is lacking over a claim, the claim must be dismissed.  Fed. R. Civ. P. 12(b)(1), 12(h)(3).

A motion to dismiss for failure to state a claim must be granted where the complaint fails to allege facts sufficient to support a "claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 12(b)(6).  A motion to dismiss may also be granted "on the basis of a dispositive issue of law."  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Plaintiff argues that authority to vacate his state conviction is granted under 28 U.S.C. § 1651, 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201 and 2202.  Each will be addressed in turn.[1]

---

[1] In addition to the grounds for dismissal briefed by the parties, it appears the Rooker-Feldman doctrine may also deprive this Court of subject matter jurisdiction to vacate Plaintiff's state court conviction.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).  "[F]ederal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment."  Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2011); Callahan v. Rendlen, 806 F.2d 795, 796 (8th Cir. 1986) (a "federal district court has no jurisdiction under 42 U.S.C. § 1983 to modify a final order of the state court").  However, since this issue was not briefed, and because there are independent grounds to grant the motion to dismiss, the Court declines to rule on whether the Rooker-Feldman doctrine applies.

**B.      The All Writs Act**

Plaintiff first moves under the All Writs Act, 28 U.S.C. § 1651, for a writ of error coram nobis. It is true that a writ of coram nobis may be used to invalidate a conviction after the defendant has already served his sentence. See United States v. Morgan, 346 U.S. 502, 512-13 (1954). However, this extraordinary remedy is considered to be a further step in the original criminal proceeding, and as such can be granted only by the trial court in which the conviction was obtained; it is not available from any other court. See id. at 505, n. 4; see also Trackwell v. Nebraska, 126 Fed. Appx. 336, 337 (8th Cir. 2005) (unpublished, per curiam); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); Booker v. Arkansas, 380 F.2d 240, 243 (8th Cir 1967) (per curiam), overruled in part on other grounds by Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Borrero v. United States, Civ. No. 08-315, 2008 WL 2357834, *2 (D. Minn., June 5, 2008) (unpublished). As the State of Minnesota explains, the Fifth Circuit Court of Appeals case Plaintiff refers to in his Petition involves coram nobis review of a federal conviction in federal district court. See Jiminez v. Trominski, 91 F.3d 767 (5th Cir. 1996).

Because Plaintiff was not convicted in federal court, this Court cannot grant him a writ of coram nobis. Plaintiff's claim under 28 U.S.C. § 1651 must be dismissed for lack of subject matter jurisdiction.

**C.      Section 1983**

Plaintiff also invokes 42 U.S.C. § 1983, arguing that it allows the Court to provide the relief he seeks. Plaintiff relies on an opinion from the Fifth Circuit Court of Appeals, which found Section 1983 a proper means for an inmate to challenge a term of incarceration he had already completed. Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1025 (5th Cir. 1993).

3

In <u>Parker</u>, the defendant was a municipal police department.  Here, Plaintiff sues the State of Minnesota.  The difference is critical.  The Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court, unless the state consents, or unless Congress has unequivocally abrogated the state's sovereign immunity.  <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 243 (1985).  There is no suggestion the State of Minnesota has consented to this suit.  And Congress did not abrogate the states' Eleventh Amendment immunity when enacting Section 1983.  <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 345 (1979).

Plaintiff argues he should be permitted to proceed in federal court because he seeks only injunctive relief, not money damages.  But when the State is named as a defendant, the suit is barred regardless of whether it seeks damages or injunctive relief.  <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100-01 (1984); <u>see also</u> <u>Cory v. White</u>, 457 U.S. 85, 90 (1982).  Plaintiff's Section 1983 claim against the State of Minnesota is barred by the Eleventh Amendment.

The Section 1983 claim fails for another reason: the State is not a "person" subject to suit under Section 1983.  <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>Murphy v. Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997).  Plaintiff's reliance on Justice Brennan's concurring opinion in <u>Quern v. Jordan</u>, 440 U.S. at 355-60, is unavailing.

For all these reasons, Plaintiff's Section 1983 claim must be dismissed for failure to state a claim upon which relief can be granted.

**D.     The Declaratory Judgment Act**

Plaintiff's Petition invokes the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  However, the Declaratory Judgment Act provides no independent basis for federal jurisdiction.

Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010).  The federal courts "consistently have refused to use federal declaratory judgment procedure as a means of attack upon a state criminal judgment."  Booker, 380 F.2d at 242.  The Declaratory Judgment Act does not allow the Court to grant the relief Plaintiff seeks.  Any claim based on the Declaratory Judgment Act must be dismissed for lack of subject matter jurisdiction.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the State of Minnesota's Motion to Dismiss [Docket No. 2] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


          s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 21, 2011.